**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREY SERGEYEVICH LYABAKH, | No. 09-72159 |
| Petitioner, | Agency No. A071-382-001 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Andrey Sergeyevich Lyabakh, a native and citizen of Ukraine, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand and dismissing his appeal from an immigration judge's decision

denying his application for asylum, withholding of removal, and relief under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and for abuse of discretion the denial of a motion to remand, *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We deny the petition for review.

The agency found Lyabakh ineligible for asylum based on his conviction for an aggravated felony. Lyabakh does not challenge this dispositive finding in his opening brief.

Substantial evidence supports the agency's denial of withholding of removal because Lyabakh failed to demonstrate a clear probability of persecution based on either his religion or his refusal to serve in the Ukrainian military due to his religion. *See Nagoulko*, 333 F.3d at 1018 (fear of future harm is too speculative); *Zehatye v. Gonzales*, 453 F.3d 1182, 1187-88 (9th Cir. 2006) (evidence did not compel the conclusion that petitioner would be singled out for severe disproportionate punishment on the basis of a protected ground for refusal to serve in the military on religious grounds). Lyabakh's assertion that the agency failed to consider his and his mother's testimony is belied by the record. Accordingly, his withholding of removal claim fails.

Substantial evidence supports the agency's finding that Lyabakh did not establish it is more likely than not he will be tortured upon return to Ukraine. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). Accordingly, his CAT claim fails.

Finally, the agency was within its discretion in denying Lyabakh's motion to remand because the BIA considered the evidence submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant remand. *See Romero-Ruiz*, 538 F.3d at 1063-64; *see also* 8 C.F.R. § 1003.2(c) (evidence submitted with a motion to reopen must be material and previously unavailable at the former hearing).

**PETITION FOR REVIEW DENIED.**